PER CURIAM.
This matter is before the Court on Respondent’s Petition for Leave to Resign Permanently Pending Disciplinary Proceedings pursuant to article XI, Rule 11.08 of the Integration Rule of The Florida Bar.
The Petition states:
1. [Respondent] is 55 years old and has been a member of The Florida Bar since March 28, 1977.
2. There has been no past disciplinary action against [respondent].
[3.] In The Florida Bar Case No. 09C83C56, the [respondent], on at least five occasions, received fees from clients for professional services without recording the fees in the firm books or depositing the fees in a firm bank account, thus depriving his partner of that portion of such fees to which he would be entitled.
[4.] In The Florida Bar Case No. 09C83C67, the [respondent] received certain funds from a client, at the time she was arrested, for the purpose of obtaining a bond for her release from jail. It became unnecessary to expend those funds for that purpose. When the client requested the return of the funds, the [respondent] refused to return them and, instead, credited them toward the fee owed [respondent] by that client.
[5.] In The Florida Bar Case No. 09C83C85, the [respondent] was retained to represent a client in a contested dissolution of marriage. The case was heard and a judgment signed. The [respondent], however, refused to file the judgment or give it to his client until his fee had been paid. When the court became aware that [respondent] had failed to file the judgment, it ordered the [respondent] to do so, and when the [respondent] failed to file the order as required, the court issued an order to show cause and set a hearing date. The [respondent] did not comply with the order to show cause, did not communicate with the court and did not appear for the hearing. A second order to show cause was issued and again the [respondent] did not appear or communicate with the court. Eventually, however, the dissolution judgment was filed.
[6.] In The Florida Bar Case No. 09C84C03, [respondent] gave his former wife twelve personal checks, each in the *1284 amount of $300.00, in February, 1983, as payment on money owed her by court order. He asked her to hold them until May, at which time he would have money in the bank to cover them. When his former wife attempted to cash the checks in May, they were returned for insufficient funds. He subsequently left the State of Florida driving a car the title to which he had previously signed over to his wife. She has not recovered the car.
[7.] That [respondent] believes that the public interest will not be adversely affected by the granting of this petition in that permitting the [respondent] to resign will not adversely affect the purity of the courts nor hinder the administration of justice nor the confidence of the public in the legal profession.
[8.] That [respondent] understands that he would generally be liable for any costs incurred by The Florida Bar in prosecuting disciplinary proceedings against him. The [respondent] is willing to reimburse The Florida Bar for the following costs incurred to date in the disciplinary proceedings that are listed as pending in this petition. Case No. 66,-408, $345.25.
[9.] That [respondent] agrees to cooperate with any Clients’ Security Fund investigation conducted by The Florida Bar and understands that he will remain liable to make restitution for moneys due to his clients concerning the above-mentioned pending cases.
[10.] The [respondent], Allen S. Parish, knows that he is petitioning for leave to resign without leave to reapply and that he is consenting to never again be allowed to practice law in the State of Florida.
[11.] Counsel has not been retained in this matter and the [respondent] is voluntarily submitting this petition.
[12.] [Respondent] agrees to a waiver of confidentiality regarding the facts of this petition.
The Florida Bar having now filed its response supporting the Petition for Leave to Resign on the conditions set forth above, and the Court having reviewed the same and determined that the requirements of Rule 11.08(3) are fully satisfied, the Petition for Leave to Resign Without Leave to Reapply is hereby approved and Allen S. Parish’s name is hereby stricken from the roll of attorneys in the State of Florida effective July 22, 1985, thereby giving respondent thirty (30) days to close out his practice and take the necessary steps to protect his clients; and it is further
ORDERED that respondent shall not accept any new business.
Judgment for costs in the amount of $345.25 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
ADKINS, Acting C. J., and ALDERMAN, McDonald, EHRLICH and SHAW, JJ., concur.